UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-23760

FEDERAL TRADE COMMISSION,

      Plaintiff,

      v.

DK AUTOMATION LLC, a limited liability
company,

AMZ AUTOMATION LLC, a limited liability
company,

THATLIFESTYLENINJA LLC, a limited liability
company,

PROFICIENT SUPPLY LLC, a limited liability
company,

DIGITAL NINJAZ LLC, a limited liability
company,

ZONBASE, INC., a Delaware corporation,

KEVIN DAVID HULSE, a/k/a Kevin David,
individually and as an officer of DK
AUTOMATION LLC, AMZ AUTOMATION
LLC, THATLIFESTYLENINJA LLC, DIGITAL
NINJAZ LLC, and ZONBASE, INC., and

DAVID SHAWN ARNETT, individually and as
an officer of DK AUTOMATION LLC, AMZ
AUTOMATION LLC, and PROFICIENT
SUPPLY LLC,

      Defendants.



**STIPULATED ORDER FOR PERMANENT INJUNCTION,
MONETARY JUDGMENT, AND OTHER RELIEF**

1

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for Permanent Injunction, Monetary Relief, Civil Penalties, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, civil penalties, and other relief in this matter, pursuant to Sections 5(m)(1)(A)-(B), 13(b), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(m)(1)(A)-(B), 53(b), and 57b.  The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities," 16 C.F.R. Part 437, as amended, the Consumer Review Fairness Act of 2016 ("CRFA"), 15 U.S.C. § 45b, and prior Commission determinations concerning unfair and deceptive acts or practices in commerce in connection with the marketing, distribution, promotion, and sale of goods and services, including business opportunities and training programs.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to

2

establish jurisdiction.

4.   Defendants waive and release any claims that they may have against the Commission that relate to this action, and they agree to bear their own costs and attorney fees.

5.   Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

### DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.   **"Business Coaching Program"** means any product or service, including any program or plan, that is represented, expressly or by implication, to train or teach a consumer how to establish, operate, or improve a business.

B.   **"Business Opportunity"** means a commercial arrangement in which:

1.   A Seller solicits a prospective Purchaser to enter into a new business; and

2.   The prospective Purchaser makes a required payment; and

3.   The Seller, expressly or by implication, orally or in writing, represents that the Seller or one or more Designated Persons will:

(i)   Provide locations for the use or operation of equipment, displays, vending machines, or similar devices, owned, leased, controlled, or paid for by the Purchaser; or

(ii)   Provide outlets, accounts, or customers, including, but not limited to, Internet outlets, accounts, or customers, for the Purchaser's goods or services; or

(iii)   Buy back any or all of the goods or services that the Purchaser makes, produces, fabricates, grows, breeds, modifies, or provides, including but not

limited to providing payment for such services as, for example, stuffing envelopes from the Purchaser's home.

C.   **"Covered Communication"** means a written, oral, or Pictorial review, performance assessment, or other similar analysis of goods or services, including conduct related to the goods or services.

D.   "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

    1.   "**Corporate Defendants**" means DK Automation, LLC, Amz Automation, LLC, THATLifeStyleNinja, LLC, Digital Ninjaz LLC, Zonbase, Inc., and Proficient Supply LLC and their successors and assigns.

    2.   "**Individual Defendants**" means Kevin David Hulse, a/k/a Kevin David, and David Shawn Arnett.

E.   **"Designated Person"** means any person, other than the Seller, whose goods or services the Seller suggests, recommends, or requires that the Purchaser use in establishing or operating a new business.

F.   **"Earnings Claim(s)"** means any oral, written, or visual representation to a prospective Purchaser that conveys, expressly or by implication, a specific level or range of actual or potential sales, or gross or net income or profits.  Earnings claims include, but are not limited to:  (a) any chart, table, or mathematical calculation that demonstrates possible results based upon a combination of variables; and (b) any statements from which a prospective Purchaser can  reasonably infer that he or she will earn a minimum level of income (e.g., "earn enough money to buy a Porsche," "earn a six-figure income," or "earn your investment back within one year").

G.    **"EHR"** means Ecom Honors Reinsurance Co. Ltd., a non-party that is one-hundred percent (100%) owned by Individual Defendant David Shawn Arnett.  EHR is a signatory to this Order solely for the purpose of stipulating to Sections V.C, VI.A, VI.D, and VI.E below.

H.    **"General Media"** means all print, electronic, internet, social networking, radio and other media outlets.

I.    **"Pictorial"** includes pictures, photographs, video, illustrations, and symbols.

J.    **"Prohibited Contract Provision"** means a contract provision used in the course of selling or leasing goods or services that:

    1.    prohibits or restricts the ability of a person who is a party to the contract to engage in a Covered Communication;

    2.    imposes a penalty or fee against a person who is a party to the contract for engaging in a Covered Communication; or

    3.    transfers, or requires a person who is a party to the contract to transfer, to any other person any intellectual property rights in a Covered Communication, with the exception of a non-exclusive license to lawfully use a covered communication about a Defendants' goods, services, or conduct.

K.    **"Providing locations, outlets, accounts, or customers"** means furnishing the prospective Purchaser with existing or potential locations, outlets, accounts, or customers; requiring, recommending, or suggesting one or more locators or lead generating companies; providing a list of locator or lead generating companies; collecting a fee on behalf of one or more locators or lead generating companies;

offering to furnish a list of locations; or otherwise assisting the prospective Purchaser in obtaining his or her own locations, outlets, accounts, or customers.

L.    **"Purchaser"** means a person who buys a Business Opportunity or Business Coaching Program.

M.    **"Seller"** means a person who offers for sale or sells a Business Opportunity or Business Coaching Program.

## ORDER

### I.    PROHIBITION CONCERNING EARNINGS CLAIMS

**IT IS ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service are permanently restrained and enjoined from making any Earnings Claims or assisting others in making any Earnings Claims, expressly or by implication, unless:

A.    The Earnings Claims are non-misleading;

B.    At the time the Earnings Claims are made, Defendants:

1. have a reasonable basis for the claim;

2. have in their possession written materials that substantiate the claimed earnings and that the claimed earnings are typical for consumers similarly situated to those to whom the claim is made; and

3. make the written substantiation available upon request to the consumer, potential purchaser, and the FTC; and

C.    Any earnings of the Defendants that form the basis for the Earnings Claims were

achieved in compliance with the law.

## II.       PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any good or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A. The description of the good or service;

B. That any past performance referenced in Defendants' advertising, marketing, promoting, offering for sale, or selling of any good or service is indicative of future results;

C. That any testimonials Defendants use in the advertising, marketing, promoting, offering for sale, or selling of any good or service reflect the experience that consumers are likely to have using Defendants' products or services;

D. That purchasers or users of Defendants' products or services will or are likely to achieve substantial profits or earnings;

E. The risk, liquidity, earnings potential, or profitability of goods or services that are the subject of a sales offer;

F. Any material aspect of the nature or terms of a refund, cancellation, or exchange policy for the good or service; or

G. Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions; limitations; conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

### III.    PROHIBITIONS RELATING TO THE SALE AND MARKETING OF BUSINESS COACHING PROGRAMS AND BUSINESS OPPORTUNITIES

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any Business Coaching Program or Business Opportunity, are permanently restrained and enjoined from:

A.    Failing to disclose, or disclose adequately in writing, material information pertaining to any Business Coaching Program or Business Opportunity at least seven (7) days before the consumer signs a contract or makes a payment in connection with that Business Coaching Program or Business Opportunity including:

1.    Basic identifying information of the Seller, including the Seller's name, business address, and telephone number;

2.    Any civil or criminal actions against the Seller or affiliates of the Seller for misrepresentation, fraud, or unfair or deceptive acts or practices within the 10 years preceding the date that the Business Coaching Program or Business Opportunity is offered;

3.    Material terms and conditions of any cancellation or refund policy;

4.    A list of Purchasers and contact information of individuals who purchased the Business Coaching Program or Business Opportunity within the last 3 years; or

5.    Any claim of actual or potential earnings that Purchasers of the Business Coaching Program or Business Opportunity may experience.

8

B.   Making any Earnings Claim in the General Media unless Defendants state in
immediate conjunction with the claim the beginning and ending dates when the
represented earnings were achieved, and the number and percentage of all persons
who purchased Defendants' Business Coaching Program or Business Opportunity
prior to that ending date who achieved at least the stated level of earnings.

### IV.   PROHIBITION AGAINST CONSUMER COMPLAINT SUPPRESSION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees,
and attorneys, and all other persons in active concert or participation with any of them, who
receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently
restrained and enjoined from:

1.   Prohibiting or restricting the ability of Purchasers of Defendants' goods or
services, Business Opportunities, or Business Coaching Programs from providing
reviews of those goods and services;

2.   Suppressing the availability of truthful or non-defamatory negative comments or
reviews of any Defendant, or the Defendant's goods, services, agents, or
employees through any means, including threats, intimidation, non-disparagement
clauses, conditioning refunds, and suppression of online content.  If otherwise
compliant with this Order, a request, made after resolution of a customer's
complaint or issue, that the customer post additional truthful information to
update a review or comment would not comprise suppression of that prior review
or comment;

3.   Offering to any prospective customer a contract, or offering to any
customer a renewal contract, that includes a Prohibited Contract Provision;

4. Requiring that a customer accept a Prohibited Contract Provision as a condition of a Defendant's fulfillment of its obligations under a customer contract; or

5. Representing, including through any notice, warning, threat to enforce, or attempt to enforce, to any purchaser of any good or service — regardless of when purchased — that any contract:

      a. Prohibits purchasers from speaking about or publishing truthful or non- defamatory negative comments or reviews about any Defendant, or the Defendant's goods, services, agents, or employees; or

      b. Imposes any precondition, penalty, or fee on purchasers speaking about or publishing any comments or reviews about any Defendant, or the Defendant's goods, services, agents, or employees.

Nothing in this Section shall require Defendants to publish or host the content provided by any person, affect any other legal duty of a party to a contract, or affect any cause of action arising from the breach of such duty.

## V.   JUDGMENT FOR MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of fifty-two million, nine-hundred twenty-nine thousand, six-hundred twenty-one dollars and seventy-four cents ($52,929,621.74) is entered in favor of the Commission against Defendants, jointly and severally, as monetary relief.

B. Defendants are ordered to pay to the Commission two million, six hundred thousand ($2,600,000), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made

within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

    C.    Individual Defendants and EHR are ordered to assign to the Commission sixty percent (60%) of right, title, and interest in any claim or right they may have to receive payments pursuant to Proprietary Trading Relationship Agreements signed by (1) Individual Defendant David Shawn Arnett on December 7, 2021 (as referenced in the email identified in Section V.E.12 below), (2) EHR on January 20, 2022, and (3) EHR on March 2, 2022 as well as the terms of trading accounts opened pursuant to these agreements in the names of Individual Defendant David Shawn Arnett and EHR.  Individual Defendants and EHR have signed an "Assignment of Contractual Rights to Payments" ("Assignment") and it shall take effect upon the date of entry of this Order.  Individual Defendants and EHR shall cooperate fully in such Assignment and shall promptly execute all other documents and take all other actions necessary or appropriate to affect the assignment of any claim or right they may have to receive such payments.  Pursuant to this Assignment:

    a.    Individual Defendants and EHR must transfer sixty percent (60%) of each payment received pursuant to this subsection by the Individual Defendants and EHR to the Commission within three (3) business days of the time that it is made;

    b.    Individual Defendants and EHR must notify the Commission every fifteen (15) days in writing on the status of the payments received and provide documentation showing any payments received and payments made to the Commission; and

    c.    Individual Defendants and EHR are responsible for their own attorneys'

fees associated with the Assignment and payments under this subsection.

D.      Upon the completion of the payments as set forth in Subsections B-C above, the remainder of the judgment is suspended, subject to the Subsections below.

E.      The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.      the Financial Statement of Individual Defendant Kevin David Hulse signed on August 19, 2022, including the attachments;

2.      the Financial Statement of Individual Defendant David Shawn Arnett signed on August 5, 2022, including the attachments;

3.      the Financial Statement of Corporate Defendants Amz Automation LLC and DK Automation LLC signed by Kevin David Hulse, co-owner, on August 19, 2022, including the attachments;

4.      the Financial Statement of Corporate Defendant THATLifestyleNinja LLC, signed by Kevin David Hulse, CEO, on August 10, 2022, including the attachments;

5.      The Financial Statement of Corporate Defendant Digital Ninjaz LLC signed by Kevin David Hulse, CEO, on August 19, 2022, including the attachments;

6.      The Financial Statement of Corporate Defendant Proficient Supply LLC signed by David Arnett, Chief Operations Officer, on July 29, 2022, including the attachments and an addendum dated August 15, 2022;

7.      The Financial Statement of subsidiary Zonbase, Inc. signed by Kevin

David Hulse, CEO, on August 25, 2022, including the attachments;

8.      The additional information and documentation submitted by email from Defendants' counsel Greg Christiansen to Commission counsel Colleen Robbins, Sophia Siddiqui, and Thomas Harris dated August 6, 2022, attaching Financial Statements and additional financial records;

9.      The additional information and documentation submitted by email from Defendants' counsel Greg Christiansen to Commission counsel Colleen Robbins, Sophia Siddiqui, and Thomas Harris dated August 12, 2022, attaching supplements to some of the Financial Statements listed above and additional financial records;

10.      The additional documentation submitted by email from Defendants' counsel Greg Christiansen to Commission counsel Colleen Robbins, Sophia Siddiqui, and Thomas Harris dated August 16, 2022, attaching additional financial records;

11.      The additional documentation submitted by email from Defendants' counsel Greg Christiansen to Commission counsel Colleen Robbins, Sophia Siddiqui, and Thomas Harris dated August 18, 2022, attaching additional financial records;

12.      The additional information and documentation submitted by email from Defendants' counsel Greg Christiansen to Commission counsel Colleen Robbins, Sophia Siddiqui, and Thomas Harris dated August 19, 2022, attaching additional financial records;

13.      The additional information and documentation submitted by email from Defendants' counsel Greg Christiansen to Commission counsel Colleen Robbins, Sophia Siddiqui, and Thomas Harris dated August 22, 2022, attaching supplements to some of the Financial Statements listed above and additional financial records;

14.     The additional information and documentation submitted by email from Defendants' counsel Greg Christiansen to Commission counsel Colleen Robbins, Sophia Siddiqui, and Thomas Harris dated August 26, 2022, attaching supplements to some of the Financial Statements listed above and additional financial records;

15.     The additional information and documentation submitted by email from Defendants' counsel Greg Christiansen to Commission counsel Colleen Robbins, Sophia Siddiqui, and Thomas Harris dated August 30, 2022, attaching supplements to some of the Financial Statements listed above and additional financial records;

16.     The additional documentation submitted by email from Defendants' counsel Greg Christiansen to Commission counsel Colleen Robbins, Sophia Siddiqui, and Thomas Harris dated September 21, 2022, attaching additional financial records;

17.     The additional documentation submitted by email from Defendants' counsel Greg Christiansen to Commission counsel Colleen Robbins and Sophia Siddiqui dated September 27, 2022, attaching additional financial records;

18.     The additional documentation submitted by email from Defendants' counsel Greg Christiansen to Commission counsel Colleen Robbins and Sophia Siddiqui dated October 3, 2022, attaching additional financial records;

19.     The additional documentation submitted by email from Defendants' counsel Greg Christiansen to Commission counsel Colleen Robbins dated October 4, 2022, attaching additional financial records; and

20.     The additional documentation submitted by email from Defendants' counsel Greg Christiansen to Commission counsel Colleen Robbins and Sophia Siddiqui dated October 5, 2022, attaching updated Financial Disclosure Statements for Corporate

Defendant Proficient Supply LLC signed by David Shawn Arnett, COO, on September 29, 2022 and for Individual Defendant David Shawn Arnett signed on September 29, 2022.

F.      The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

G.      If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VI.      ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.      Defendants and EHR relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C.

15

§ 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.      Defendants and EHR acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.      All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for relief is to be deposited to the U.S. Treasury.  Defendants and EHR have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VII.    CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.      failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days; and

B.      disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with any activity involving or related to the sale of any Business Coaching Program or Business Opportunity.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VIII.   COOPERATION

**IT IS FURTHER ORDERED** that Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Defendants must provide truthful and complete information, evidence, and testimony.  Individual Defendants must appear, and such Corporate Defendants must cause their officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## IX.      NOTICE TO CUSTOMERS

**IT IS FURTHER ORDERED** that, within 7 days of entry of this Order, Defendants shall email notice in the form shown in **Attachment A** to all persons who purchased Defendants' goods or services of any type at any time between May 10, 2019 and the date of the entry of this Order with the subject line "What the FTC Settlement Means for Kevin David and DK

Automation's Customers." Within 15 days of entry of this Order, Defendants shall mail the form

shown in **Attachment A** via first-class mail, postage prepaid with address forwarding requested,

to the last known mailing address of any intended email recipient whose emailed message

delivery fails. No information other than that contained in **Attachment A** shall be included in or

added to the notice required by this Section, nor shall any other materials be transmitted with the

notice.

## X.      ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of

this Order:

A.      Each Defendant, within 7 days of entry of this Order, must submit to the

Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 10 years after entry of this Order, each Individual Defendant for any business

that such Defendant, individually or collectively with any other Defendants, is the majority

owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of

this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all

employees having managerial responsibilities for conduct related to the subject matter of the

Order and all agents and representatives who participate in conduct related to the subject matter

of the Order; and (3) any business entity resulting from any change in structure as set forth in the

Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order

for current personnel. For all others, delivery must occur before they assume their

responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this

Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of

receipt of this Order.

## XI.     COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the

Commission:

A.     One year after entry of this Order, each Defendant must submit a compliance

report, sworn under penalty of perjury:

1.     Each Defendant must:  (a) identify the primary physical, postal, and email

address and telephone number, as designated points of contact, which representatives of

the Commission may use to communicate with Defendant; (b) identify all of that

Defendant's businesses by all of their names, telephone numbers, and physical, postal,

email, and Internet addresses; (c) describe the activities of each business, including the

goods and services offered, the means of advertising, marketing, and sales, and the

involvement of any other Defendant (which Individual Defendants must describe if they

know or should know due to their own involvement); (d) describe in detail whether and

how that Defendant is in compliance with each Section of this Order; and (e) provide a

copy of each Order Acknowledgment obtained pursuant to this Order, unless previously

submitted to the Commission.

B.     For 10 years after entry of this Order, each Defendant must submit a compliance

notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.     Each Defendant must report any change in: (a) any designated point of

contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has

any ownership interest in or controls directly or indirectly that may affect compliance

obligations arising under this Order, including: creation, merger, sale, or dissolution of

the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.      Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. DK Automation, LLC, Matter No. 2223010.

## XII.   RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 10 years after entry of the Order and retain each such record for 5 years.  Specifically, Corporate Defendant and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      accounting records showing the revenues from all goods or services sold;

B.      personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.      a copy of each unique advertisement or other marketing material.

## XIII.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.  Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XIV.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this** 17 **day of** November , 202 2 .

_____

UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

*Colleen Robbins*                               Date:  November 16, 2022
Colleen Robbins
Sophia Siddiqui
Thomas Harris
Attorneys
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, DC 20580
202-326-2548 (Robbins)
202-326-2230 (Siddiqui)
202-326-3395 *facsimile*
crobbins@ftc.gov (Robbins)
ssiddiqui@ftc.gov (Siddiqui)

**FOR DEFENDANTS:**

*Gregory Christiansen*                          Date:  October 7, 2022
G. James Christiansen
Guardian Law
833 E. Pioneer Road, Suite 102
Draper, Utah 84020
844-409-1122
Greg@guardianlaw.com

**COUNSEL FOR** DK Automation LLC, AMZ Automation LLC, THATLifestyleNinja LLC,
Digital Ninjaz LLC, Zonbase, Inc., Proficient Supply LLC, Kevin David Hulse, a/k/a Kevin
David, individually and as an officer of DK Automation LLC, AMZ Automation LLC,
THATLifestyleNinja LLC, Digital Ninjaz LLC, and Zonbase, Inc., and David Shawn Arnett,
individually and as an officer of DK Automation LLC, AMZ Automation LLC, and Proficient
Supply LLC

**DEFENDANTS:  DK Automation LLC, AMZ Automation LLC, THATLifestyleNinja
LLC, Digital Ninjaz LLC, Zonbase, Inc., Proficient Supply LLC, Kevin David Hulse, and
David Shawn Arnett**

/s/ Kevin David Hulse                           Date:  October 7, 2022
Kevin David Hulse, a/k/a Kevin David, individually and as an officer of DK Automation LLC,
AMZ Automation LLC, THATLifestyleNinja LLC, Digital Ninjaz LLC, and Zonbase, Inc.

/s/ David Shawn Arnett                        Date: October 7, 2022

David Shawn Arnett, individually and as an officer of DK Automation LLC, AMZ Automation LLC, and Proficient Supply LLC

**Ecom Honors Reinsurance Co. Ltd.**

/s/ David Shawn Arnett                        Date: October 7, 2022

David Shawn Arnett, as an officer of Ecom Honors Reinsurance Co. Ltd.

**ATTACHMENT A** – Notice to Consumers

The notice must be in the following form, appearing on Defendants' letterhead, email, and defendants' websites with the underlined text completed as directed:

**Your Right to Receive Information About Business Opportunities and Earnings Claims, Post Honest Reviews Online and File Complaints**

Dear Client:

The Federal Trade Commission (FTC), the nation's consumer protection agency, sued us and said we broke the law by:

1. making claims about how much money buyers could earn with our programs — DK Automation, AMZ Automation, Zonbase, Digital Ninjaz, and THATLifestyleNinja — without the required proof;
2. failing to give buyers the required disclosure document and earnings claims statement that give important details about the opportunity; and
3. using manipulation, threats, and intimidation to discourage buyers from publishing their honest opinions about our programs.

We reached an agreement with the FTC to settle the lawsuit and must pay a monetary judgment of $2.6 million. We also agreed to:

- stop making earnings claims without evidence, and
- stop discouraging buyers from sharing their honest opinions about our programs.

Learn more about the settlement on the FTC's website.

**About Your Rights**

The Business Opportunity Rule puts safeguards in place to make sure you have the information you need to evaluate a business opportunity. Before you sign on the dotted line or send money to buy a business opportunity, read the FTC's guidance about the Business Opportunity Rule.

The FTC also has advice about the Consumer Review Fairness Act, which protects consumers' ability to share their honest opinions about a business's products and services.

If you suspect a business opportunity seller is fraudulent, report it to the FTC at ReportFraud.ftc.gov.